# Tallman, et al. v. Drake.

*Action upon Official Bond of Probate Judge.*

1. *Appeals; bill of exceptions; when statement shows that it contains all the evidence.*—The recital in a bill of exceptions at the close of the testimony, as stated therein, that "This was substantially all the testimony. The court, on the testimony introduced, rendered judgment," &c., sufficiently shows that all the evidence upon which the trial court acted was set out in the bill of exceptions.

2. *Probate judge; liability of sureties on his official bond.*—Where a probate judge, by agreement with a guardian, during the continuation of the guardianship, assumes the management and control of the ward's funds, the sureties on the judges official bond are not liable for his failure to account for such funds ; such act being entirely without the pale of the judge's official authority, he does not, by the doing thereof, impart to it "a color of office," within the meaning of section 273 of the Code of 1886, so as to bind his sureties.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN A. DISQUE.

This was an action brought by the appellee, Johnnie Carlton Drake, against the appellant, John A. Tallman, as probate judge, and the sureties on his official bond, to recover damages for the breach of said bond. The facts of the case are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment for the plaintiff.

[Tallman, *et al.* v. Drake.]

From this judgment the defendants appeal, and assign the rendition thereof as error.

W. T. MURPHREE, for appellant.—1. The policy of our law is opposed to allowing judges of probate to handle funds of minors; and the act of the probate judge in receiving the funds of the ward, involved in this case, was beyond his official authority, and did not fasten a liability upon his sureties.—*McKee v. Griffin*, 66 Ala. 211; *Coleman v. Ormond*, 60 Ala. 328; *Morrow v. Wood*, 56 Ala. 1; *McElhaney v. Gilleland*, 30 Ala. 183; *Mason v. Crabtree*, 71 Ala. 479.

N. G. CANNING, *contra.*—The bill of exceptions must set out *all the evidence*. In this case it does not purport to set out all the evidence, and this court will presume there was evidence sufficient to support the judgment below.—Code of 1886, § 3550; *Webb v. Ballard*, 97 Ala. 584; *Burgin v. Raplee*, 100 Ala. 433; *Bridgeport Lumber Co. v. Ladd*, 107 Ala. 244; *White v. White*, 107 Ala. 417.

HEAD, J.—Appellee's counsel insists, in his brief, that the bill of exceptions does not purport to set out all of the evidence, but we find, at the close of the testimony, as stated in the bill of exceptions, the recital that, "This was substantially all the testimony. The court, on the testimony introduced, rendered judgment," etc. This statement sufficiently shows that all the evidence upon which the trial court acted was set out.

This is an action by the appellee, Drake, against appellant, Tallman, and the sureties on his official bond, as judge of the probate court of Etowah county (who also appeal), for a breach of said bond. Divested of all surplus matter, the facts are, simply, that on May 28, 1892, Rich Michem, being the legal guardian of the plaintiff, then an infant, and, also, having been guardian of Ella Carlton McGuire, who had then attained her majority, appeared before the probate court and made, what appears upon the face of the decree to have been intended as, a partial settlement of his guardianship of Johnnie, and a final settlement of his guardianship of Ella. An account was stated, and a balance of $527.93 ascertained to be due the wards. The assets received by the guardian consisted of the single sum of

[Tallman, *et al.* v. Drake.]

$1,481, of money, belonging jointly to the two wards, in equal interests ; and the account was stated by charging the guardian with that sum, and allowing him credits against it, for money expended, as recited in the decree, "in paying debts, costs and fees which are proper and legitimate credits in favor of said guardian," aggregating $953.07, leaving the balance above stated. This balance was disposed of, as indicated by the following recital of the decree : "And comes said guardian, Rich Michem, and settlement made with the court of the balance as stated on the opposite page, in the following manner : Said heirs being unwilling, as well as the bondsmen of said guardian, to allow moneys to remain in the hands of said guardian, and it being thus agreed, the court assumes the management and control of said balance and which has been disposed of by the court in accordance with the wish of the said parties in the following manner :" (The remainder of the page is blank and no statement followed, as referred to in the minute entry).

The evidence tended to show that the said balance was paid over to the appellant, Tallman, who was then the judge of the probate court, and that plaintiff's share was never entirely accounted for ; and this constitutes the supposed breach of the bond alleged in the complaint.

It seems scarcely necessary to say that a guardian of an infant has no legal authority to pay to the probate judge, nor the judge to receive, for any purpose whatever, the funds of the ward, while the guardianship is continuing. There is no shadow of authority for it in any known provision or principle of law, written or unwritten. It had as well been paid to the circuit clerk, or any private individual. The judge and the parties to the settlement recognized this, and it was written in the decree, that it was by agreement, induced by the unwillingness of "said heirs" and the bondsmen of the guardian, to allow moneys to remain in the hands of the guardian, that the *court* assumed management and control of said balance.

An officer cannot do an act entirely without the pale of his official authority, and by the doing impart to it "a color of office," within the meaning of section 273 of the Code of 1886. For instance, suppose a private individual should hand to a person, filling the office of

probate judge, a sum of money for safe keeping and re-
turn, and the judge should execute to him therefor a re-
ceipt in his official capacity, as probate judge, therein
expressly agreeing to be officially bound for the return
of the money ; would it be supposed, for an instant, that
his failure to return the money was an act done, "under
color of his office," constituting a breach of his official
bond?  Such a proposition would, of course, be absurd.
Yet, when carefully viewed, there is not the slightest
distinction, in principle, between that case and the
present.

It is manifest that the whole case is shown by the
present record, and upon it, it is impossible for the plain-
tiff ever to recover.   The judgment of the lower court
will, therefore, be reversed, and a judgment rendered in
favor of the appellants.

Reversed and rendered.