(77 South. 30)

CLIMER et al. v. ST. CLAIR COUNTY TELEPHONE CO. (7 Div. 902.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. TELEGRAPHS AND TELEPHONES ⬅20(7) — CUTTING TREES—QUESTION FOR JURY.

In action against telephone company for trespass, where testimony of defendant's presi-

dent that he directed the employés to trim up trees only along the edge of the public road was contradicted by testimony that they were directed to cut out all timber along the line which came in contact therewith, regardless of where it was, and that they were not warned to keep off private property until after plaintiff made complaint, and there was proof of cutting on plaintiff's land, it was error to give the general charge for defendant as to a count quare clausum fregit.

2. APPEAL AND ERROR ⬅697(5) — BILL OF EXCEPTIONS.

A bill of exceptions reciting "the foregoing being substantially all the evidence in the case" sufficiently recites that it contains all the evidence introduced.

3. APPEAL AND ERROR ⬅1064(1)—HARMLESS ERROR—GENERAL CHARGE.

The rule that giving the general charge in a tort action against one who would be entitled to but nominal damages is error without injury cannot be applied in an action of trespass, where, although plaintiff proved no actual damage, the jury could have inferred that the trespass was wanton, and afforded a basis for punitive damages.

4. TRIAL ⬅228(3) — INSTRUCTIONS — DEGREE OF PROOF.

In trespass action, instructions that, before the jury could find for plaintiff, "you must believe" certain hypothesized material averments of the complaint, were improper for failure to use the term "reasonably satisfied," instead of the stronger term "must believe."

5. TELEGRAPHS AND TELEPHONES ⬅20(8) — TRESPASS—INJURING TREES—INSTRUCTIONS.

In action against telephone company for cutting trees, the province of the jury was invaded by an instruction to find for plaintiff under the first count if defendant's president directed its agents to clear its telephone lines of all timbers touching them, as being, in effect, an instruction that the cutting was willful if the president ordered all timber removed which touched the line, whether or not he knew it was plaintiff's or thought he had the right to cut it.

6. APPEAL AND ERROR ⬅702(1) — RECORD — ORAL CHARGE.

Error cannot be predicated on refusal of a requested charge, where the oral charge is not set out as required by statute, since the former may have been covered by the latter.

Appeal from Circuit Court, St. Clair County; J. E. Blackwood, Judge.

Action by Mrs. T. J. Climer and others against the St. Clair County Telephone Company, for trespass to lands. Judgment for defendant, and plaintiffs appeal. Transferred from the Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

The gravamen of the complaint is sufficiently indicated in the opinion. The following charges were given for defendant:

(2) I charge you that unless you believe from the evidence in this case that Bowley as an agent, employé, or servant of defendant, while acting in the line and scope of his duty, cut the trees described in the complaint, you cannot find for plaintiff.

(3) Before you can find for plaintiff in this case you must believe from the evidence that the trees were cut by defendant, or its agents or servants, while acting within the line and scope of their authority.

The following is the charge refused to plaintiff:

(1) If the jury believe from the evidence that Burns, the president of the St. Clair County

Telephone Company, directed its agents Otis and Bowley to go out and clear the telephone lines of all timbers touching said lines, and that defendant's servants were acting within the line and scope of such instructions at the time they cut the timber complained of, then the jury must find for plaintiff under the first count of the complaint, provided the jury further find from the evidence that said timber was cut without the consent of the owners of the land.

M. M. Smith, of Pell City, for appellants. Embry & Embry, of Ashville, for appellee.

ANDERSON, C. J. [1-3] There was proof upon the trial that the agents or servants of the defendant, while acting within the scope of their employment and under the direction of the president of the defendant company, trespassed upon the plaintiffs' property by cutting saplings, limbs, etc., and breaking down the fence, and that these acts were not confined to saplings or limbs upon the road bed or edge of same, but extended to the premises owned by and in possession of the plaintiffs. The evidence shows that some of the trees or saplings cut had plaintiffs' fence attached thereto, and there was proof that at some points the cutting was 35 feet from the center of the road, and which would place it on plaintiffs' land even if the road was of the first grade. See Code, § 5768, as amended by the Acts of 1911, p. 390. The defendant's president denied directing the servants to trim up along the telephone line, and claims that he told them to trim up along the edge of the public road, but this was contradicted by the witness Otis Bowley, who says they were instructed to cut out all timber along the telephone line which came in contact therewith and regardless of where it was, and that they were not warned to keep off of private property until after plaintiffs made complaint for cutting their timber. The trial court therefore erred in giving the general charge for the defendant as to count 2, which was quare clausum fregit. Nor can the giving of same be justified upon the suggestion that the bill of exceptions does not purport to set out all the evidence. The bill recites, "the foregoing being substantially all the evidence in the case," and is a sufficient recital that it contains all the evidence that was introduced. Tallman v. Drake, 116 Ala. 262, 22 South. 485. It might be that if the count only averred the trespass by the defendant that the averment could not be established under the Henry Case, 139 Ala. 161, 34 South. 389, without proof of a direction to commit the act by the governing board of the corporation, but it also avers, in the alternative, that the trespass was committed by its agents or servants while acting within the line and scope of their employment, and there was sufficient proof to take this averment to the jury. Whether or not the count as it stands would be good against demurrer we need not decide, as no demurrer was interposed. We are also aware of the rule

that if the general charge is given against a party who would be entitled to recover nothing but nominal damages in a tort action, it would be error without injury, and that in this case the plaintiff proved no actual damage under the second count, but this rule cannot be here applied for the reason that the jury could have inferred that the trespass was wanton, and afforded a basis for punitive damages. Western Union Co. v. Dickens, 148 Ala. 480, 41 South. 469.

[4] Charges 2 and 3 given at the request of the defendant hypothesized material averments of the complaint, but should have said unless you are "reasonably satisfied," instead of the stronger term, you "must believe." Farmers' & Merchants' Bank v. Hollind, 76 South. 287, ante, p. 371.

[5, 6] There was no error in refusing the plaintiffs' requested charge 1. If not otherwise bad, it invaded the province of the jury in instructing, in effect, that the cutting was willful if the president ordered all timber removed which touched the line, whether he knew that it was the plaintiffs' or not, or that he did not think he had the right to cut it. Moreover, it may have been covered by the oral charge of the court which is not set out as the statute requires.

The judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.