(84 South. 859)

**TUCKER v. STATE.    (5 Div. 315.)**

(Court of Appeals of Alabama.  Jan. 13, 1920.)

CRIMINAL LAW ⟪1122(5)—WRITTEN CHARGES REFUSED NOT REVIEWABLE, IN ABSENCE OF ORAL CHARGE.

In the absence of oral charge of the trial court, the written refused charges will not be reviewed.

Appeal from Circuit Court, Chambers County; S. L. Brewer, Judge.

Fred Tucker was convicted of bastardy, and he appeals.  Affirmed.

J. A. Hines, of Lafayette, and N. D. Denson & Sons, of Opelika, for appellant.

Counsel discuss assignments of error based on refusal of requested charges, but in view of the opinion it is not deemed necessary to here set them out.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The oral charge of the court not being in the record, the appellate court will not consider the refused charges.  200 Ala. 656, 77 South. 30.

MERRITT, J.  The questions raised in the appeal are predicated upon the refusal of the trial judge to give certain written charges requested by the defendant.  While it is noted in the record that the clerk will here set out the court's oral charge, an examination of the record fails to disclose the same, and the ruling of this and the Supreme Court is to the effect that, in the absence of the oral charge of the court, the written refused charges will not be reviewed, in that they may have been covered by the oral charge; in fact the presumption being they were so covered, in the absence of the oral charge. Climer et al. v. St. Clair et al., 200 Ala. 656, 77 South. 30.

The proceedings and judgment appearing to be regular, the case must be affirmed.

Affirmed.

(85 South. 42)

**MARTIN et al. v. STATE.    (6 Div. 633.)**

(Court of Appeals of Alabama.  Jan. 13, 1920.)

CRIMINAL LAW ⟪753(2)—GENERAL CHARGE SHOULD BE GIVEN IN ABSENCE OF EVIDENCE CONNECTING DEFENDANT WITH CRIME.

Though the corpus delicti is proved beyond a reasonable doubt, a general charge for defendant should be given when there is no legal evidence connecting him with the commission of the crime as charged.

Appeal from Circuit Court, Jefferson County; Wm. E. Fort, Judge.

Ras Martin and others were convicted of unlawfully distilling prohibited liquors, and they appeal.  Reversed and remanded.

Pinkney Scott, of Bessemer, for appellants.
J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

BRICKEN, P. J.  We have carefully read and considered the evidence in this case as disclosed by the record, and, while the corpus delicti is proven beyond a reasonable doubt, there is not the slightest legal evidence connecting the defendant with the commission of the crime as charged.  The general charge as requested by the defendant should have been given, and for this error the judgment is reversed, and the cause is remanded.

Reversed and remanded.

(85 South. 42)

**MARTIN v. STATE.    (6 Div. 634.)**

(Court of Appeals of Alabama.  Jan. 13, 1920.)

Appeal from Circuit Court, Jefferson County: Wm. E. Fort, Judge.

Ras Martin was convicted of unlawfully distilling prohibited liquors, and he appeals.  Reversed and remanded.

Pinkney Scott, of Bessemer, for appellant.
J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

SAMFORD, J.  On the authority of Martin et al. v. State, 85 South. 42,[1] this judgment is reversed, and the cause is remanded.

Reversed and remanded.

(85 South. 593)

**LARREN v. SPALDING MFG. CO.
(7 Div. 602.)**

(Court of Appeals of Alabama.  Dec. 16, 1919. Rehearing Denied Jan. 13, 1920.)

1. FRAUD ⟪13(2)—AGENT'S KNOWLEDGE OF FALSITY OF REPRESENTATIONS ESSENTIAL TO LIABILITY FOR DECEIT.

Where the agent of defendant to sell a buggy made representations in good faith, not knowing them to be false, and believing them to be true, defendant is not liable to plaintiff buyer in an action of deceit.

2. PRINCIPAL AND AGENT ⟪148(3)—BUYER WHO SIGNED ORDER, PRESUMED TO HAVE KNOWN CONTENTS AS RESTRICTING AGENT'S AUTHORITY.

Where the buyer of a buggy, who knew how to read and write, signed order therefor stipulating against extrinsic agreements, without any misrepresentations of the agent as to its contents, and was not misled, he is presumed to have known its contents, and is bound thereby.

⟪For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 310.