47 So.2d 171

**BUCHANAN CONTRACTING CO., Inc.**
**v. DENSON.**

7 Div. 33.

Supreme Court of Alabama.
June 22, 1950.

56

London & Yancey, Geo. W. Yancey and Jas. E. Clark, all of Birmingham, for appellant.

Roy D. McCord, Roberts & Cunningham and Arthur Burns, all of Gadsden, for appellee.

SIMPSON, Justice.

Appellee recovered damages against the appellant corporation for personal injuries and property damage received when his motorcycle, on which he was riding, was in collision with a truck of defendant driven by an intoxicated Negro man.

The theory, as disclosed by the evidence, on which recovery was sought is that the appellant, through its general manager, negligently entrusted the motor vehicle to an employee, its night watchman, who was claimed to be so heavily intoxicated from drink that he was an incompetent driver, which condition was known to the said general manager; that the said night watchman or another intoxicated Negro to whom the night watchman entrusted the driving of the motor vehicle negligently ran into the plaintiff's motorcycle, and that as a proximate result of the combined negligence of the general manager in so entrusting the operation of the automobile to the night watchman and the negligence of the operator of the vehicle at the time of the collision, the injuries and damages of the plaintiff proximately resulted.

Our recent case of McGowin v. Howard, 251 Ala. 204, 36 So.2d 323, declared the applicable principles of law to govern cases of this character, the effect of which holding was that an owner entrusting a motor vehicle to a known incompetent, reckless or careless driver (1) is liable to a person injured by the combined negligence of the owner and operator if the operator is acting within the scope of the owner's consent, and (2) is also liable notwithstanding the driver's use was beyond the scope of the owner's consent, if the owner's permission to the incompetent or reckless driver was with knowledge that the operator would likely use the vehicle beyond the scope of the owner's consent, if the letting of such vehicle was a proximate contributing cause of the injury directly resulting from the incompetence or recklessness of the driver.

One of the errors assigned on this appeal and which we are convinced is meritorious was the overruling of the demurrer to Count A of the complaint (the only count which went to the jury), taking the point that the complaint is vague, indefinite and uncertain in that "it does not apprise this defendant with sufficient certainty against what act or acts of negligence defendant is called on to defend." The count will be reproduced with the report of the case.

It will be noticed that the complaint generally refers to the duty of the night watchman to remain on the job site and maintain care of and watch over the appellant's equipment, and the allegation that an agent of the defendant (it might or might not be the night watchman) permitted a man (seemingly not an employee of the defendant) to drive the truck from the job site while the man was intoxicated or drinking, of which the defendant by said night watchman had knowledge, and that thereafter the truck so acquired through the negligence of said agent was being driven by a man who, while in said condition and while acting as aforesaid, negligently ran the truck into the motorcycle of the appellee, etc. If this be the import of these uncertain allegations, there was no proof to sustain them, since it was the general manager who allowed the night watchman to use the truck and therefore the defendant was due the general affirmative charge, which it requested.

But questions of evidence aside, the complaint impresses us as being redundant with obfuscity. It first appears that the night watchman's duty was to keep and maintain the trucks of appellant on its premises at night, yet it does not appear from any allegation that the night watchman had authority to drive the truck from the premises or to permit another to do so, or that knowledge to the night watchman of the intoxicated condition of the *man* who drove the truck from the premises was notice to appellant. The man who allegedly drove the truck from the appellant's premises does not sufficiently appear and it might be guessed from the allegation that either the night watchman or some third party was the one who did so and was the man, one or the other, who was driving the truck at the time of the accident and the man claimed by the plaintiff to have been intoxicated at the time the truck left the premises. It is not clear whether or not the man who drove the truck from the premises was the same person who was the operator of the vehicle at the time of the accident, or whether or not the night watchman was the agent who permitted the truck to be driven from the premises. If the complaint could be so construed that he was such agent it does not appear that he had authority from the appellant to drive or to permit the driving of the truck from the premises.

True, under our liberal system of pleading, negligence may be declared in general terms, but in order to be good against appropriate demurrer, the complaint must contain a logical statement of the cause of action and must state all the material facts constituting plaintiff's right and his injury and damages, and must state them with certainty, precision and brevity. "A general statement of facts which admits of almost any proof to sustain it is objectionable."— Alabama Great Southern Ry. Co. v. Cardwell, 171 Ala. 274, 281, 55 So. 185, 187; Woodward Iron Co. v. Marbut, 183 Ala. 310, 62 So. 804.

There are many decisions enunciating the governing principle. A recent one is Cauble v. Boy Scouts of America, 250 Ala. 152, 153-

154, 33 So.2d 461, 462, where it is stated: "The general rules of pleading require that the cause of action be stated with sufficient certainty, clearness, and precision to enable the defendant to prepare to defend himself against the action and plead a judgment thereon in bar of another recovery. * * A complaint seeking to recover damages because of negligence of defendant should be certain and specific as to charging the relationship of the parties, the duty arising, the nature and character of the injury, as well as the cause of same. * * *"

These cases and many others also recognize the familiar rule that in construing pleading everything is taken most strongly against the pleader and defects in the complaint may not be cured by evidence supplying omission of matter which rendered the complaint defective.

The essentiality of stating the cause of action with certainty and without equivocation is well illustrated in this case. There was not only proof that the night watchman, to whom it is claimed the defendant negligently entrusted the use of the truck, was operating it at the time of the accident, but there was also testimony that another Negro to whom the night watchman had turned over the driving of the vehicle was the person operating it at the time. Which aspect of the proof was correct it is not for us to say, but different principles of law might be controlling in each instance. It would be one thing to fasten liability on the defendant for negligently entrusting the operation of the vehicle to the night watchman, knowing he was incompetent to drive by reason of intoxication, which night watchman may have committed the damnifying act against the plaintiff, while an entirely different status might be presented if the night watchman, to whom the plaintiff's proof showed the general manager permitted the use of the truck, had turned the operation thereof over to a third party, whose negligent operation proximately caused the injury to the plaintiff.

In this latter instance, one material inquiry would be whether an inference would be deducible from the circumstances to show that the general manager should have anticipated that the night watchman would likely use the vehicle beyond the scope of the consent allowed by thus delivering its use to another.—McGowin v. Howard, supra. This but points up the necessity for the plaintiff to set forth with sufficient certainty the material allegations constituting negligence so that they may be understood by the defendant, which was required to answer them, by the jury who was to ascertain the truth of the allegations, and by the court who must pronounce judgment thereon. "Material allegations cannot be left to inference; they must be distinctly alleged to withstand an appropriate demurrer."—Alabama Great Southern Ry. Co. v. Cardwell, supra, 171 Ala. 282, 55 So. 188.

The complaint was manifestly defective and for the action of the trial court in overruling the demurrer a reversal must be ordered

Reversed and remanded.

FOSTER, LIVINGSTON and STAKELY, JJ., concur.