80 So.2d 614

### BUCHANAN CONTRACTING COMPANY, Inc.

v.

### Oren DENSON.

### 7 Div. 181.

Supreme Court of Alabama.

May 19, 1955.

London & Yancey, Birmingham, Lusk, Swann & Bruns, Gadsden, for appellant.

A. B. Cunningham, Rowan S. Bone, E. L. Roberts and Roy D. McCord, Gadsden, for appellee.

PER CURIAM.

This is an appeal from a judgment in favor of appellee against appellant for damages for personal injuries resulting from a collision between a motorcycle on which appellee was riding and a truck belonging to appellant. This is the second appeal. The judgment on the first appeal was reversed because of the insufficiency of the complaint as against the asserted demurrer. Buchanan Contracting Co., Inc., v. Denson, 254 Ala. 55, 47 So.2d 171.

The basis of the claim, as disclosed by the evidence, seems to be that appellant through its general manager committed one of its trucks to the use of one Jodie Jackson, its night watchman of the truck park, after working hours, for his own personal use, when appellant's general manager had knowledge of the fact that said Jackson was under the influence of liquor; that it was therefore dangerous for Jackson to drive the truck on a public highway and that he negligently caused the collision and injuries to the plaintiff.

The claim requires a finding, among other things, that the truck in question was in fact loaned to Jackson by appellant and that he. Jackson, was under the influence of intoxicating liquor, of which the appellant had knowledge, or notice. McGowin v. Howard, 251 Ala. 204, 36 So.2d 323; first Buchanan case, supra.

On the first appeal we had occasion to point out what we conceived to be the applicable law of liability in such a case as follows:

"* * * an owner entrusting a motor vehicle to a known incompetent, reckless or careless driver (1) is liable to a person injured by the combined negligence of the owner and operator if the operator is acting within the scope of the owner's consent, and (2) is also liable notwithstanding the driver's use was beyond the scope of the owner's consent, if the owner's permis-

sion to the incompetent or reckless driver was with knowledge that the operator would likely use the vehicle beyond the scope of the owner's consent, if the letting of such vehicle was a proximate contributing cause of the injury directly resulting from the incompetence or recklessness of the driver." 254 Ala. 57, 47 So.2d 173.

See also Restatement of the Law of Torts, Ch. 14, § 390; 100 A.L.R. 923(4 b).

■ The court entertains the view that on the issue of the liability of appellant under the above rule, a jury question was presented and the affirmative charge was properly refused. We attain this conclusion by the following rationale: The home office of the company was in Birmingham, and even though Howard Buchanan, Sr., was president of appellant corporation and owned all except qualifying shares of the stock, his son, Howard Buchanan, Jr., was vice-president and at the time of the accident the company was conducting construction operations in Gadsden with Howard, Jr., in a general managerial position of the company's operations in the Gadsden area. We deduce this from the fact that he had authority to hire and fire employees; was seen by impartial witnesses to be directing the work from blueprints and was heard to give directions to a Mr. Sloan (whom the defendant contended was the one in charge of the Gadsden operations) with reference to the progress of the work in that area; and the employees of the company in that area reported to Howard, Jr. The conduct of Howard, Jr., with respect to these operations and the reasonable inferences deducible therefrom gave warrant for the conclusion, if the jury chose to so believe, that Howard, Jr., was the general manager of the company's operations in the Gadsden area. Being so, he maintained the status as the alter ego of the corporation in that particular area and his act or acts were the acts of the corporation. Eureka Co. v. Bass, 81 Ala. 200, 215, 8 So. 216. And his authority would be coextensive with the management of that branch of the operations. Indemnity

Ins. Co. v. Luquire Funeral Home Ins. Co., 239 Ala. 362, 194 So. 313. See also W. T. Rawleigh Co. v. Phillips, 232 Ala. 124, 167 So. 271. Cf. Marsanick v. Luechtefeld, Mo.App., 157 S.W.2d 537. Therefore, if there was proof that this vice-president and general manager of the corporation in that area (Howard Buchanan, Jr.) entrusted the use of one of the company trucks to a night watchman knowing he was intoxicated, as the proof showed he was, it would be tantamount to the act of the corporation, thereby rendering the corporation liable for damages to anyone not at fault who might be injured by the negligence of the night watchman in driving the truck. This is the theory of the McGowin and Buchanan cases, supra.

We confess that decision of this last-mentioned question has been attended with considerable difficulty. We have finally reached the conclusion, however, that there was a scintilla—though but a scintilla— tending to show that Howard Buchanan, Jr., permitted the night watchman to use the truck, knowing at the time he was intoxicated, thereby requiring this issue to also be submitted to the jury.

■ We have said that there was a mere scintilla to substantiate the last-considered proposition and are therefore remitted to a consideration of the propriety of the action of the trial court in overruling the defendant's motion for a new trial on the weight of the evidence. On a studious consideration of the whole record, we have been drawn to the conclusion that the learned trial court erred to a reversal in overruling the motion for a new trial on the ground that the weight of the evidence was against the verdict. The evidence was rather weak and inconclusive to establish that Howard, Jr., entrusted the use of the truck to the night watchman. We think, therefore, the new trial should have been granted. So ordered.

Reversed and remanded.

All the Justices concur except LIVINGSTON, C. J., who concurs in the result.