184 So.2d 352

Elizabeth WEBB

v.

CITY OF BIRMINGHAM.

L. L. WEBB

v.

CITY OF BIRMINGHAM.

6 Div. 110, 6 Div. 110–A.

Supreme Court of Alabama.

March 17, 1966.

Hare, Wynn, Newell & Newton, Birmingham, for appellants.

Sam R. Shannon, Jr., Birmingham, for appellee.

PER CURIAM.

Action by Elizabeth Webb against City of Birmingham to recover damages for personal injuries, and action by her husband, L. L. Webb, for resultant damages, consolidated and tried together in the circuit court of Jefferson County, resulting in a verdict in each case for defendant. From the judgments entered in both cases for defendant, both plaintiffs appeal with a consolidated record.

The injuries to Mrs. Webb occurred while she "was walking upon a public street in the City of Birmingham, Alabama, * *" and when "on said occasion she encountered a defect in that portion of said public street or sidewalk between the paved portion of the sidewalk and the paved portion of the street for vehicles, which place where she was walking was unpaved and sometimes called the grass plot * * *." We will now refer to the assignments of error without further reference to the place and cause of the alleged injuries.

Assignments 2, 3 and 4 charge error to the trial court in refusing written charges 1, 2 and 3, requested by plaintiff. The charges are as follows:

"1. I charge you, Gentlemen of the Jury, that under the law of Alabama, the City of Birmingham has a duty to exercise reasonable care to inspect the public streets and sidewalks where the people walk with much frequency."

"2. I charge you, Gentlemen of the Jury, that it is the duty of the City of Birmingham to exercise reasonable care to remedy defects in the public streets and sidewalks which the City would have discovered or should have discovered as the result of a reasonable inspection.

"3. I charge you Gentlemen of the Jury, that the City of Birmingham must use reasonable diligence in inspecting the

public streets and sidewalks and that the City of Birmingham is charged with notice or knowledge of the existence of defects upon the public streets and sidewalks if a reasonable inspection would have revealed the existence of such defects.

■ Assuming, without deciding, that each of these charges states a correct principle of law, its refusal cannot work a reversal of the judgment below. Each is so written as to state an abstract proposition of law without instructing the jury as to its effect upon the issues in the case. Francis v. Imperial Sanitary Laundry & Dry Cleaning Co., 241 Ala. 327, 2 So.2d 388(12); Moore v. Cooke, 264 Ala. 97, 84 So.2d 748(8); Louisville & Nashville R. Co. v. State, 276 Ala. 99, 159 So.2d 458(11).

Assignment of error No. 7 asserts error on the part of the trial court in refusing to give appellant's requested charge No. 6, which is as follows:

"6. I charge you, Gentlemen of the Jury, that the burden of proof as to the plea of contributory negligence is upon the defendant, the City of Birmingham. I further charge you that the three elements essential to contributory negligence are defined to be (1) knowledge of the condition or failure alleged to cause the injury, (2) that the plaintiff appreciated the danger of the surrounding conditions and circumstances, and did not (3) exercise reasonable care in the premises, and with such knowledge and appreciation put herself in the way of danger. The Court further charges you that if you are not satisfied from the evidence in this case that all three of these elements existed in this case, the defendant would not be entitled to prevail on his plea of contributory negligence."

■ The first sentence states a correct principle of law, but it was fully covered by the court's oral charge. The charge must be considered in its entirety and, when

'so considered, we think it is involved and confusing and was properly refused on that ground. Louisville & N. R. Co. v. Hall, ·87 Ala. 708, 6 So. 277(14), 4 L.R.A. 710, 13 Am.St.Rep. 84.

The use of the possessive pronoun "his" in the last sentence of the charge in reference to the corporate defendant was misleading and the charge was properly refused on that ground. Standard Cooperage Co. v. Dearman, 204 Ala. 553, 86 So. 537(13). The charge was also refused without error in that in the last sentence thereof the words "reasonably satisfied" should have been used rather than the stronger term "satisfied." Climer .v. St. Clair County Telephone Co., 200 Ala. 656, 77 So. 30(4).

. Assignment of error No. 10 refers to a certain portion of the trial court's oral charge to which appellant excepted. The record shows that the exception was reserved after the jury retired to deliberate their verdict. An exception under such circumstances is not timely and comes too late. Sovereign Camp W. of W. v. Gay, 217 Ala. 543, 117 So. 78(7); City Council of Montgomery v. Gilmer, 33 Ala. 116(7), 70 Am. Dec. 562.

The other assignments of error were not argued and were waived; they will not be considered on appeal. Nashville, C. & St. Louis Ry. v. Wilson, 271 Ala. 615, 126 So.2d 110(6).

It is ordered that the judgment be and the same are affirmed.

·· The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

·· LIVINGSTON, C. J., and LAWSON, GOODWYN, and COLEMAN, JJ., concur