192 So.2d 476

**LOUISVILLE AND NASHVILLE RAIL-ROAD COMPANY**

v.

**Brack POWERS.**

8 Div. 39.

Court of Appeals of Alabama.

Nov. 29, 1966.

H. O. Weeks, Scottsboro, for appellant.

J. A. Lee, Scottsboro, for appellee.

PRICE, Presiding Judge.

The plaintiff sued to recover damages for the alleged negligent killing of his cow by one of defendant's trains. Judgment was rendered for plaintiff for $125.00. Defendant appeals.

Plaintiff testified he last saw his cow alive in his barn about sundown the evening of February 17, 1964. The following morning he found her dead on the north side of defendant's tracks. She had been cut into two parts. Her head and shoulders were in the forks of defendant's railroad switch. The rest of her body was thirty steps from that point. This was in the corporate limits of the town of Stevenson. Two or three days before she was killed she was seen on the tracks, eating wheat that had been spilled from one of defendant's trains.

Appellant's first assignment of error is that the court erred in allowing plaintiff's counsel to read to the jury, over appellant's objection, excerpts from the law as set forth in the 1940 Code of Alabama.

The record shows that in his opening argument, plaintiff's counsel said:

"I believe that the Judge will charge you that a person in charge of a train when going through a municipality must, * * *."

The court said:

"I will instruct you gentlemen and the attorneys in their summation to the jury are allowed to speak and argue all reasonable inferences of evidence in this case."

At another point in his opening argument plaintiff's counsel stated:

"And the engineer is supposed to apply brakes and reverse the train or take whatever measures possible when he sees an obstruction on the railroad."

Defense counsel renewed his objection and moved to exclude the argument. The motion was denied.

■ It is permissible for counsel in argument to read to the jury the law as it is written in the Code or in published decisions of this court or the Supreme Court. City of Tuscaloosa v. Hill, 14 Ala.App. 541, 69 So. 486; City of Anniston v. Oliver, 28 Ala.App. 390, 185 So. 187. Argument of counsel is a matter resting in the sound discretion of the trial court, and its rulings will not be disturbed unless it affirmatively appears from the entire record that the statements were prejudicial to the party objecting, British General Insurance Co. v. Simpson Sales Co., 265 Ala. 683, 93 So.2d 763. We find no reversible error in the court's ruling here.

J. R. McNutt, Claims Agent for appellant, testified he made an investigation into the death of plaintiff's cow. He stated he was familiar with the lights and lighting equipment on defendant's trains and had had occasion to ride on the trains at night. He was shown a photograph, identified as defendant's Exhibit # 1, and asked, "assuming that this animal was found at or near this frog where these two tracks merge here, I'll ask you to state to the court and jury whether or not in your judgment, that animal could be seen by the engineer of a train operating in the nighttime before it was struck."

The plaintiff objected to this question on the grounds that it called for an unauthorized conclusion of the witness; that there was no testimony that the cow was killed at the frog and the question assumed a fact not in evidence.

■ We are of opinion the court properly sustained the plaintiff's objection to this question put to the witness.

The evidence does not show the exact spot the cow was struck, the direction in which the train was proceeding nor whether the cow was killed at night or in the day

time. It was also shown by further questioning of the witness that the cow was killed in February and the picture was taken in April and that the greenery appearing in the picture was not there in February.

■ Assignment of error number 3 is based on the denial of the motion for a new trial. The argument in brief is that it was error to deny the motion because of the rulings complained of in assignments numbered 1 and 2. No argument is made that the verdict is contrary to the weight of the evidence and this question is not presented for our consideration. Howell v. Birmingham Nehi Bottling Co., 267 Ala. 290, 101 So.2d 297; Roan v. McCaleb, 264 Ala. 31, 84 So.2d 358; Grimes v. Jackson, 263 Ala. 22, 82 So.2d 315.

The Judgment is affirmed.

Affirmed.