208 So.2d 794

**J. Malcolm HOLLOWAY, Jr., et al., d/b/a The Credit Reporting Co.,**

**v.**

**George L. DAVIS.**

**3 Div. 219.**

Court of Appeals of Alabama.

Dec. 19, 1967.

Rehearing Denied Jan. 16, 1968.

Whitesell & Alton, Montgomery, for appellants.

Azar, Campbell & Azar, Montgomery, for appellee.

PRICE, Presiding Judge.

Plaintiff filed suit against the defendants to recover damages for an invasion to his right of privacy. The case was tried to a jury resulting in a verdict of $750.00. Defendants appeal.

The complaint, as amended, alleged:

"The Plaintiff claims of the defendants the sum of $5,000.00 as damages for that heretofore during the period from to-wit: August 22, 1964 to to-wit: June 27, 1965, the defendants, J. Malcolm Holloway, Jr. and J. Malcolm Holloway, III, individually and doing business as The Credit Reporting Company although not being regularly licensed attorneys, were engaged in Montgomery, Alabama, in the business of attempting to collect on behalf of clients, for whom they were not em-

ployees in the ordinary sense defaulted debts allegedly owed by various persons to the said clients, and during said period the defendants, J. Malcolm Holloway, Jr. and J. Malcolm Holloway, III, individually and doing business as The Credit Reporting Company, and defendant, Carrie Nae Ables, the agent, servant, or employee of defendants, J. Malcolm Holloway, Jr. and J. Malcolm Holloway, III, individually and doing business as the Credit Reporting Company, while acting within the line and scope of her employment with said defendants, though none were regularly licensed attorneys nor employees of Jackson Hospital in the ordinary sense, were engaged in attempting to collect on behalf of said Jackson Hospital, a certain indebtedness allegedly defaulted and owed to said Jackson Hospital, by plaintiff. Plaintiff alleges that said defendants not being regularly licensed attorneys nor employees of said Jackson Hospital in the ordinary sense, their efforts and activities and undertakings in attempting to collect said defaulted indebtedness allegedly owed by plaintiff to said Jackson Hospital constituted the unlawful and illegal practice of law by said defendants and were acts and undertakings contrary to law and in violation of law.

"The plaintiff further avers that the defendants in the course of their said wrongful, illegal and unlawful efforts to collect said alleged defaulted indebtedness by the plaintiff to said Jackson Hospital, as aforesaid, did intentionally, maliciously, unreasonably, illegally, unlawfully, and wrongfully engage in a course of harassment, intimidation, and threats to the plaintiff by said defendants by their sending threatening, intimidating, harassing, unlawful, and wrongful notices and other written materials to the plaintiff through the mails, and by threatening, intimidating, harassing, unlawful, and wrongful telephone calls and other oral messages sent to the plaintiff through plaintiff's wife, and plaintiff further avers that the

defendants did thereby engage in an unlawful and a systematic campaign of harassment, intimidation, and threats to the plaintiff, as aforesaid, in an effort to wrongfully and unlawfully humiliate and wrongfully coerce the plaintiff into paying said alleged indebtedness due said Jackson Hospital, as aforesaid.

"The plaintiff further avers that said defendants in said unlawful, wrongful and systematic campaign of harassment, intimidation and threats to the plaintiff threatened to cause plaintiff to suffer demotion in his employment and did illegally, intentionally, with malice, and without just cause contact by telephone the plaintiff's employer and did inform said employer that plaintiff owed said alleged debt and that plaintiff was willfully failing and refusing to pay his just debts, all in an effort to humiliate, coerce, and intimidate the plaintiff into paying said alleged indebtedness and to cause plaintiff to suffer embarrassment and possible demotion with his employer.

"The plaintiff further avers that said unlawful, wrongful and systematic campaign of harassment, intimidation, coercion, and threats by the defendants in the sending of threatening and intimidating notices and other written materials to the plaintiff through the mails and by telephone calls and other oral messages to the plaintiff, directly and through his wife and employer, and the personal contacting of plaintiff's wife and plaintiff's employer by defendants was intentional, malicious, illegal, wrongful, and specifically designed and intended to humiliate and embarrass plaintiff, and constituted unwarranted publicity of plaintiff's private affairs and constituted the wrongful intrusion by defendants into plaintiff's private affairs and activities in such manners as to outrage plaintiff and to cause mental suffering, shame or humiliation to a person of ordinary sensibilities, and was an unlawful and wrongful invasion by defendants of plaintiff's right of privacy.

"The plaintiff further avers that said wrongful, threatening and intimidating letters, notices, and threats of actions to be taken by the defendants against the plaintiff, and the wrongful, threatening, and intimidating phone calls and other oral messages sent to the plaintiff through plaintiff's wife and plaintiff's employer, and the defendants' wrongful, illegal and unwarranted contact of plaintiff's employer and defendants' wrongful, illegal and unwarranted giving of publicity of plaintiff's private affairs and activities in such a manner as to outrage plaintiff and to cause mental suffering, shame or humiliation to a person of ordinary sensibilities, did violate plaintiff's right of privacy and constituted illegal, unreasonable, and unlawful force and threats by defendants in their unlawful, illegal, unreasonable, and unwarranted efforts in attempting to force and coerce plaintiff into paying said alleged indebtedness to said Jackson Hospital and plaintiff further avers that as a proximate result and consequence thereof plaintiff has been caused unreasonable and unwarranted publicity and notoriety among his family, coworkers and employers over said alleged indebtedness and his private affairs and activities, and has been caused to suffer nervousness, humiliation, embarrassment and outrage, for all of which plaintiff claims damages, hence this suit."

Defendants filed motion to strike, as follows:

"Comes now the Defendants and move the Court to strike from the body of the complaint, as amended, the following:

"In lines six, 'although not being regularly licensed attorneys,' in line 17, 'though none were regularly licensed attorneys,' in line 22, 'defendants not being regularly licensed attorneys,' in line 27, 'constituted the unlawful and illegal practice of law by said defendants and were acts and undertakings contrary to law and in violation of law.'

"And as grounds for said motion say as follows:

"1. That the complained of words are unnecessary in stating a cause of action for invasion of right of privacy.

"2. That said words are superfluous and prolix in a cause of action for invasion of right of privacy and injure the defendants in creating prejudice and bias against them.

"3. That said words charge the defendants in fact with the commission of a criminal offense when there is not allegation of arrest or warrant or determination of same in any court.

"4. That said words are injurious to the defendants in that they charge defendants with the commission of a crime and seek to try the defendants civilly for what is purported to be a criminal act.

"5. That said words create bias and prejudice against the defendants in charging them with the commission of a crime and if allowed to remain in the complaint evidence may be adduced to try defendants in a civil court for what is alleged to be a criminal charge and thus deprive the defendants of rights granted to them by the constitution of the State of Alabama and the United States."

The first assignment of error is that the trial court erred in denying the motion to strike. It is insisted that the allegations sought to be stricken are unnecessary to state a cause of action; that their tendency was to create bias and prejudice against the defendants by charging them with the unauthorized practice of law in violation of Subsection (d) of Title 46, Section 42, Code of Alabama 1940, which provides that whoever "as a vocation, enforces, secures, settles, adjusts or compromises defaulted, controverted or disputed accounts, claims or demands between persons with neither of whom he is in privity or in the relation of employer and employee in the ordinary sense; is practicing law."

It is further argued that Title 51, Section 492, Code, authorizes a license for collection agencies; that the purchase of a license confers the privilege of engaging in the business so licensed; that Act No. 194, providing for "The General Revenue of the State of Alabama," General Acts of Alabama, 1935, pages 256–574, (now Title 51, Code, supra) by Section 411, repealed the unauthorized practice of law section, page 606 General Acts, 1931, (now Section 42, Title 46, Code) insofar as it relates to collection agencies; that the 1935 Act was passed after the decision of the court in Berk v. State ex rel. Thompson, 225 Ala. 324, 142 So. 832, 84 A.L.R. 740; that the defendants had a legal right to do the acts alleged as a matter of law and the motion to strike should have been granted.

The payment of the occupation or "license" tax imposed upon collection agencies by Section 492, Title 51, Code, supra, does not confer authority to engage in the acts enumerated in Subsection (d) of Title 46, Section 42, Code, without adequate qualifications therefor. Barron v. Wilson, 278 Ala. 621, 179 So.2d 746; Casmus v. Lee, 236 Ala. 396, 183 So. 185, 118 A.L.R. 822.

The provision in Section 411 of Act No. 194, General Acts of Alabama, 1935, "That all laws or parts of laws in conflict with the provisions of this Act are hereby repealed * * *," did not repeal any part of Act No. 493, General Acts of 1931, pages 606–7 since these statutes do not conflict with each other. Moreover, both acts were carried into the 1940 Code. 18 Ala. Digest Statutes, Sec. 146.

The Supreme Court in Bessemer Bar Ass'n v. Fitzpatrick, 239 Ala. 663, 196 So. 733, and Wilkey v. State, 244 Ala. 568, 14 So.2d 536, 151 A.L.R. 765, adhered to its decision in Berk, supra. These cases were decided after the passage of the 1935 "General Revenue Acts."

Motions to strike out parts of pleadings as unnecessary and improper rest in the trial court's sound discretion. Ordinarily refusal to grant such a motion will not be disturbed unless it clearly appears that the court's discretion has been abused. Clements v. Olive, 274 Ala. 210, 147 So.2d 818; Kelley v. Osborn, 269 Ala. 392, 113 So.2d 192; Mazer v. Brown, 259 Ala. 449, 66 So.2d 561. The allegations sought to be stricken were material to the subject matter of the litigation. We find no abuse of the court's discretion in the refusal to grant the motion to strike.

It is our opinion that the complaint stated the cause of action "with sufficient certainty, clearness, and precision to enable the defendant[s] to prepare to defend [themselves] against the action and plead a judgment thereon in bar of another recovery." Cauble v. Boy Scouts of America, 250 Ala. 152, 33 So.2d 461; Buchanan Contracting Co. v. Denson, 254 Ala. 55, 47 So.2d 171. The complaint was not demurrable for failure to set out the exact words in the oral messages sent to plaintiff through his wife and employer, and the contents of the written messages sent to plaintiff through the mail.

Alabama recognizes the rule that an invasion of the right of privacy gives rise to a cause of action. Norris v. Moskin Stores, Inc., 272 Ala. 174, 132 So.2d 321. The sufficiency of the evidence is not presented, and the facts of the case will not be set out. In a civil case it is not reversible error to deny the defendant's motion to exclude the evidence. McMullen v. Daniel, 229 Ala. 194, 155 So. 687; Brooks v. City of Birmingham, 31 Ala.App. 496, 19 So.2d 74; Tallapoosa River Electric Co-op., Inc., v. Burns, 271 Ala. 435, 124 So.2d 672. The only grounds of motion for a new trial argued in brief relate to the denial of the motion to strike and the overruling of the demurrer to the complaint. Louisville & Nashville R. R. Co. v. Powers, 43 Ala.App. 470, 192 So.2d 476.

Appellants argue as error the refusal of requested charges 3, 4, 5, 6, 11 and 12.

They state these charges are copied verba-tim from the opinion of the court in Norris v. Moskin Stores, Inc., supra, and they state correct principles of law.

 Statements copied from judicial opinions are not always proper for jury in-structions. Mobile Infirmary v. Eberlein, 270 Ala. 360, 119 So.2d 8; Hatcher v. Camp, 279 Ala. 475, 187 So.2d 232; Britling Cafeteria Co. v. Irwin, 229 Ala. 687, 159 So. 228.

 These charges are not hypothe-sized on a consideration of the evidence. Locklear v. Nash, 275 Ala. 95, 152 So.2d 421. They are merely statements of legal principles, without instruction as to their application to or effect upon the issues in the case. Johnson v. Louisville & N. R. Co., 220 Ala. 649, 127 So. 216; Francis v. Impe-rial Sanitary Laundry & Dry Cleaning Co., 241 Ala. 327, 2 So.2d 388; Farr v. Black-man Plumbing & Heating Co., 267 Ala. 585, 103 So.2d 777; Webb v. City of Birming-ham, 279 Ala. 272, 184 So.2d 352.

It is insisted in brief that charge 6, given for plaintiff was erroneous because said charge does not recognize the provisions of Act No. 194, General Acts, 1935, (Section 492, Title 51 Code) which defendants con-tend creates an express exemption in favor of collection agencies, and that defendants do not have to meet the requirements stated in charge 6 in order to collect a defaulted account for Jackson Hospital.

As stated hereinabove, Section 492, Title 51, Code, does not grant authority to collec-tion agencies to perform the services set out in Subsection (d) of Title 46, Section 42, Code.

. Whether or not the charge was abstract under the evidence is not presented for our consideration.

The judgment is affirmed.

. Affirmed.