179 So.2d 746

**George W. BARRON, as Chief of Police,**

**v.**

**E. K. WILSON.**

6 Div. 152.

Supreme Court of Alabama.

Sept. 30, 1965.

Rehearing Denied Nov. 18, 1965.

J. Howard McEniry and W. Gerald Stone, Bessemer, for appellant.

E. L. Brobston, Bessemer, Richard L. Jones, Birmingham, for appellee.

HARWOOD, Justice.

This is an appeal from a decree enjoining the respondent below, who is Chief of Police of the City of Bessemer, Alabama, from interfering with the complainant in the operation of complainant's funeral escort service and enjoining respondent from threatening to arrest complainant or his employees, or intimidating them in any manner while they are "engaged in the lawful operation" of conducting a funeral escort service.

The proceedings below originated in a petition for a writ of mandamus. During the pleading processes the court ex mero motu, over the objections of the respondent, transferred the cause to the equity.

The original petition was amended to by substituting the word "complainant" for the word "petitioner." The respondent moved to strike the bill, and without waiving a ruling on said motion or any of the previous pleadings, filed a demurrer to the bill. The demurrer being overruled, the respondent filed an answer, and the cause came on for hearing.

The complaint, as amended, alleges in substance that the appellee, E. K. Wilson, for several years prior to his resignation on 10 February 1964, had been employed as a policeman for the City of Bessemer. During this period of employment he had operated, in his off duty hours, a funeral escort service, "the principal duties of which were to escort funeral processions and direct traffic in connection with funeral processions within the city limits of Bessemer and the immediate adjacent area to said city"; that the appellee resigned as a police officer on 10 February 1964, in order to devote more time to said business, but immediately following his resignation the appellant, who is Chief of Police of Bessemer, informed the appellee that he would not permit off duty police officers of the city to work for him in conduct of such business, and subsequently advised the appellee that he and his employees would be arrested if they attempted "to direct traffic anywhere in the City of Bessemer" in the conduct of said business; this notwithstanding that the appellee has at all times had available equipment and qualified personnel to conduct such business; that the appellant has arbitrarily and wrongfully acted in the premises.

The bill further alleges that in May 1964, the appellee "applied for and was granted a business license by the City of Bessemer." The bill further alleges that despite this license the respondent advised him he would be arrested at any time in the future that he or his employees, in conducting his escort services, attempted to direct traffic anywhere in the City of Bessemer or if they entered an intersection for the purpose of warning motorists of the approach of a funeral procession despite the fact that there is presently operating in the City of Bessemer another funeral escort service known as "Bob's Escort Service" which is permitted by the respondent to perform such services without interference.

At the hearing below the evidence tended to substantially establish the allegations of the bill. In addition, the provisions of certain ordinances of the City of Bessemer were stipulated, as well as certain other matters.

At the outset of our review we are confronted with the provisions of Section 220 of our Constitution of 1901, and with the provisions of Section 72, Title 10, Code of Alabama 1940, implementing Section 220, supra.

Section 220, supra, provides:

"No person, firm, association, or corporation shall be authorized or permitted to use the streets, avenues, alleys, or public places of any city, town, or village for the construction

or operation of any public utility or private enterprise, without first obtaining the consent of the proper authorities of such city, town, or village."

Section 72 of our Code, supra, is in the identical language of Section 220 of our Constitution, and we therefore will not set forth the language of said Section.

The appellee's operation of a funeral escort service on the streets of Bessemer is a private enterprise. For the conduct of such business to be lawful, the burden was upon the appellee to show that he had obtained the consent of the "proper authorities of such city." Section 220 of the Alabama Constitution of 1901; Section 72, Title 10, supra.

The record shows that on 25 February 1964, the Commissioners of the City of Bessemer enacted an ordinance to regulate funeral processions within the City of Bessemer. In substance this ordinance provided in Section 2 that funeral processions shall be escorted within the city limits by a minimum of two uniformed escorts equipped with motorcycles who are skilled in directing traffic, and if not off duty policemen, they must be especially commissioned by the Chief of Police as police officers and have authority to direct traffic.

In Section 3, the ordinance provided that in the event a funeral was not escorted it should be the duty of the person conducting the funeral to announce before leaving the place where a funeral was conducted that it was unescorted, and persons going to the place of interment would be required to obey each and every traffic law of the City of Bessemer.

The above ordinance was repealed by the Commissioners of the City of Bessemer on 5 May 1964, having existed some two and a half months.

The above ordinance, as indicated by its title, merely regulated funeral processions in the City of Bessemer, and in no wise conferred the consent of the governing body of the City of Bessemer upon any individual, firm, or corporation to use the streets of Bessemer for a private enterprise, i. e., the operation of a funeral escort service.

Counsel for appellee also argue that the issuance of the license to appellee by the Clerk of the City of Bessemer for "Escort Service" and for which the appellee paid the sum of $65.00 must be deemed a consent by the governing body of the City of Bessemer to operate such business.

That such argument is untenable is clear from certain pronouncements to be found in Casmus v. Lee, 236 Ala. 396, 183 So. 185, 118 A.L.R. 822. In that opinion this court quoted with approval the following statements by Cooley, J., in Youngblood v. Sexton, 32 Mich. 406, 20 Am.Rep. 654:

"The idea that the state lends it countenance to any particular traffic by taxing it, seems to us to rest upon a very transparent fallacy.

\* \* \* \* \* \*

"Taxes upon business are usually collected in the form of license fees; and this may possibly have lead to the idea that seems to have prevailed in some quarters, that a tax implied a license. But there is no necessary connection whatever between them. A business may be licensed and yet not taxed, or it may be taxed and yet not licensed. And so far is the tax from being necessarily a license, that provision is frequently made by law for the taxation of a business that is carried on under a license existing independent of the tax."

The doctrine to be deduced from Casmus v. Lee, supra, is that a business which is prohibited may be taxed.

The business of operating a private enterprise upon the public streets of a municipality is unlawful unless the consent of the proper municipal authorities is first obtained. Section 220 of our Constitution, supra; Section 72, Title 10, supra.

The mere obtaining of a business license cannot be deemed to legalize such business in the absence of the consent of the proper governing authorities of a municipality. Without such consent such operation is yet

unlawful even though a business license is issued therefor.

Further, in the present case, it was stipulated that no provision for issuance of a license for the conduct of a funeral escort service appears in the schedule of licenses adopted by the governing body of the City of Bessemer. While the Clerk of the City of Bessemer did issue to the appellee upon payment of $65.00 a license for "Funeral Escort Service" the authority of the Clerk to issue such license is not shown in the record before us. Certainly, under these circumstances it cannot be said, even arguendo, that any consent could be inferred from the issuance of the license subsequent to the institution of these proceedings.

The appellee failed to show that the consent of the governing body of the City of Bessemer was obtained for the operation of his funeral escort service, a burden upon him if he is to be entitled to the relief sought. The court below therefore erred in the decree appealed from.

Appellant's assignment of error No. 3 is to the effect that the court erred in rendering the decree.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.