The State Revenue Department (hereinafter referred to as the State) entered a final sales tax assessment against Roosevelt Crayton, d/b/a Jody's Sporting Goods (hereafter referred to as Crayton) pursuant to Title 51, Section 786 (3)(b), Code of Alabama 1940. Crayton appealed to the Circuit Court of Macon County where judgment was rendered absolving him of any liability for payment of the taxes. The State appeals.
The evidence shows that Crayton operates a business that may be properly termed a "bingo parlor." Bingo games are conducted at the parlor twice each week; at least ten games of bingo are played each night of operation. Prize money amounting from $25 to $100 is awarded to the game winners. Additionally, each night a jackpot of up to $1,000 is awarded. The amount of prize money to be given away on a particular *Page 773 
night is announced on the next preceding bingo night. For example, the amount of prize money for a Saturday night is announced on the preceding Wednesday night.
Customers may either bring their own bingo cards to the game or use cards provided by the taxpayer. No admission fee is charged; however, in order to win the prize money or the jackpot, a customer must register each card he or she intends to play with Crayton and pay a fee of $1.00 per card played. The prize money is paid out of the money collected from the customers or from Crayton's own funds. Crayton operates the bingo business for profit.
During intermissions between bingo games, Crayton sells punchout boards; cash prizes are distributed to the winners of the punchout games. Crayton does not dispute the tax assessed on revenues from the punchout boards.
Title 51, Section 786 (3)(b), supra, provides in pertinent part:
 "There is hereby levied . . . a privilege or license tax against the person or [on] account of the business activities and in the amount to be determined by the application of rates against gross sales, or gross receipts, as the case may be, as follows:
. . . . .
 "(b) Upon every person, firm or corporation engaged, or continuing within this state, in the business of conducting, or operating, places of amusement or entertainment, . . . or any other place at which any exhibition, display, amusement or entertainment is offered to the public . . . an amount equal to four percent of the gross receipts of any such business."
On April 15, 1975 the State Department of Revenue entered sales tax assessments against Crayton based on the gross receipts of the bingo operation. Both parties stipulated that the amount of the final assessments entered against the taxpayer is correct and that if the sales tax is in fact due, it is due in the amounts as assessed, as follows:
State of Alabama $13,174.71
Macon County 3,293.68
City of Tuskegee 3,293.68
The Circuit Court of Macon County, following Otto v.Kosofsky, 476 S.W.2d 626 (Ky.App. 1971), cert. den.409 U.S. 912, 93 S.Ct. 227, 34 L.Ed.2d 173 (1972), found that bingo is a lottery and set aside the tax assessed against Crayton under Title 51, Section 786 (3)(b). The court's reasoning was twofold. The court first concluded that since bingo is a lottery, and a lottery is gambling, bingo is therefore not amusement. The court apparently felt that bingo is played in order to win money and not merely for enjoyment, and that only the winners were amused by the activity. Playing bingo, said the court, is more like placing bets in a pool parlor or at a domino table than attending a theatre, restaurant, or amusement park. The second basis for the circuit court's ruling was that by collecting a tax based on playing bingo, the State is in effect condoning the operation of a lottery, which is prohibited by Section 65, Constitution of Alabama 1901.
In its brief here, the the State argues that the legislature did not define the meaning of the term "place of amusement or entertainment" in the statute; therefore, this court should give to that term its "commonly understood meaning." The State goes on to say that a place of amusement is commonly understood to be a place where people go for enjoyment, recreation, fun, sport, or any other type of pleasurable diversion. Thus, the patrons of Crayton's bingo parlor go there because they like to play bingo; they derive enjoyment from the game and from the chance of winning prizes. The State adds that bingo is a game and people play games for amusement or entertainment.
Crayton replies by saying that bingo, played for a prize, is a game of chance and a lottery. A lottery is prohibited by Section 65 of the Alabama Constitution of 1901. Consequently, playing bingo is gambling and therefore evil. Since gambling is a vice which corrupts the morals of the public, *Page 774 
playing bingo cannot be considered fun, pleasurable or amusing within the context of the phrase "place of amusement or entertainment," as used in Section 786 (3)(b), supra. Crayton concedes that gambling can be taxed but insists that such tax must be by a specific statute and that the words "amusement or entertainment" are too broad to permit a lottery to be taxed.
The sole issue for our decision is whether or not the proceeds from the operation of a bingo parlor where people congregate for the purpose of paying money to play bingo with the hope of winning a prize — an activity admittedly contrary to the State's criminal laws — can be taxed as a "place of amusement or entertainment" as provided in Section 786 (3)(b),supra.
As already noted, Section 65, Constitution of Alabama 1901, prohibits a lottery. The elements of a lottery are a prize awarded by chance for a consideration. Opinion of the Justices,287 Ala. 334, 251 So.2d 751 (1971); Grimes v. State, 235 Ala. 192,178 So. 73 (1937). The evidence shows that one playing bingo at Crayton's bingo parlor pays a consideration to take a chance on winning a prize or the jackpot for that evening, and the patrons know in advance what the jackpot amount will be for the next gaming night. The evidence supports the conclusion that the manner of playing bingo at Crayton's constitutes a lottery; therefore, those who play bingo at Crayton's are gambling contrary to the criminal laws of this state. The evidence showed that this gambling operation has been in operation for at least nine months and, for this period, has grossed approximately $330,000.
The question that immediately arises is whether the State can tax an illegal activity. The answer is without doubt in the affirmative. Casmus v. Lee, 236 Ala. 396, 183 So. 185 (1938). In this case the supreme court clearly held that an illegal activity may be taxed, and settled the apparent incongruity between the State's outlawing an activity and turning right around and taxing it. In Department of Public Safety v. FreemanReady-Mix Co., 292 Ala. 380, 295 So.2d 242 (1974), the supreme court reiterated that ". . . a tax of an illegal activity does not in any manner legalize the taxed activity." We therefore conclude that bingo as played at Crayton's, although an illegal activity, could nevertheless be taxed.
It is true that in Casmus the supreme court was concerned with a statute which specifically levied a tax on punchboards, which were a form of lottery. However, the court did not restrict its holding to only those statutes which specifically levy a tax on an illegal activity. And, in Department of PublicSafety v. Freeman Ready-Mix Co. the taxing statute was not specifically directed to an illegal activity; yet the supreme court said that if the activity is illegal, it can nevertheless be taxed. Crayton's argument that only statutes specifically levying a tax on an illegal activity can be enforced is not persuasive.
The next question to be answered is whether bingo, as played at Crayton's can be construed as entertaining and amusing so that the proceeds of the bingo operation can be taxed under Section 786 (3)(b), supra. We think the answer is obviously in the affirmative.
The general rule of statutory construction is that absent any indication to the contrary, words in a statute will be given the meaning generally accepted in popular, everyday usage.Morgan County Commission v. Powell, 292 Ala. 300, 310,293 So.2d 830 (1974). This construction was applied by a New York court in a decision which involved a New York statute levying a tax on admission charges to places of amusement. The statute defined a "place of amusement" to be, "Any place where any facilities for entertainment, amusement, or sports are provided." The court held that the words contained in the statutory definition were to be given their commonly understood meanings since no other meaning was obviously intended by the legislature. Wien v. Murphy, 28 A.D.2d 222, 284 N.Y.S.2d 303
(1967). *Page 775 
When we examine Title 51, Section 786 (3)(b), supra, we do not find any legislative intent to delineate the term "place of amusement." A broad range of activities is specifically enumerated within the statute, including race tracks where pari-mutuel betting will be allowed. Opinion of the Justices,287 Ala. 334, 251 So.2d 751 (1971). Since the statute does not define "place of amusement," and since there does not appear to us to be legislative intent to the contrary, we give the term "place of amusement" its commonly understood meaning.
As suggested by the State, we believe that Crayton's patrons were there because they wanted to be entertained and amused and that the majority of them received exhilaration, pleasure and enjoyment from the prospect of winning a prize or the jackpot. The mere fact that playing bingo Crayton style is gambling and possibly morally corrupting does not necessarily mean that such activity cannot be pleasurable and entertaining. After careful examination of the evidence we consider that Crayton's bingo parlor is a "place of amusement or entertainment" as that term is used in Section 786 (3)(b) and the proceeds of its operation are subject to the gross receipts tax provided by that law.
The judgment of the trial court is reversed and the case is remanded for the entry of a judgment affirming the State's final tax assessment against Roosevelt Crayton, d/b/a Jody's Sporting Goods.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.