EDWARD N. SCRUGGS, Retired Circuit Judge.
This is an amusement or entertainment gross receipts tax case.
Subject to certain provisions which are not here in controversy, the operation of bingo games for prizes or money by nonprofit organizations for charitable or educational purposes has been legal in Madison County since September 17, 1980, when amendment number 387 to the Constitution of Alabama of 1901 was proclaimed to be ratified.
As is authorized by that amendment and certain ordinances, the six nonprofit organizations who are the plaintiffs in this case were licensed by the City of Huntsville to conduct bingo games, and they have done so since that time in apparent compliance with all constitutional and city ordinance regulations. After expenses are paid from their bingo receipts, the remainder of those revenues have either been donated to charitable organizations or have been used directly by the plaintiffs for charitable or educational purposes.
The Department of Revenue of the State of Alabama (the Department) has required each of the plaintiffs to pay a privilege or license tax on bingo gross receipts under § 40-23-2(2) of the Code of Alabama of 1975. The plaintiffs’ written request for a refund of all such taxes collected was denied by the Department. The plaintiffs then filed in the trial court their civil action seeking a writ of mandamus requiring the Commissioner of the Department to refund all of those taxes which had been previously collected from the plaintiffs. The trial court rendered a summary judgment in favor of the Commissioner and the plaintiffs appealed.
The first decisional issue was stated by the plaintiffs as follows:
“1. Does the operation of bingo games pursuant to Amendment No. 387 to the Constitution of Alabama 1901, if the proceeds of such games are used solely for charitable or educational purposes as required by Amendment No. 387, constitute ‘business activities’ under *784 § 40-23-2, Code of Alabama, 1975, and thereby subject the gross receipts of the bingo games to the sales tax on amusements or entertainment?”
In pertinent part, the primary code section which is in controversy is as follows:
“There is hereby levied, in addition to all other taxes of every kind now imposed by law, and shall be collected as herein provided, a privilege or license tax against the person on account of the business activities and in the amount to be determined by the application of rates against gross sales, or gross receipts, as the case may be, as follows:
[[Image here]]
“(2) Upon every person, firm or corporation engaged or continuing within this state in the business of conducting or operating places of amusement or entertainment; ... within the state . of Alabama, an amount equal to four percent of the gross receipts of any such business.”
§ 40-23-2, Code 1975.
Through most able counsel, the plaintiffs argue that their bingo activities do not constitute a business inasmuch as they do not have as their object any “gain, profit, benefit or advantage, either direct or indirect” as the word “business” is defined in § 40-23-l(a)(ll) of the Code of 1975. They contend that they are required by amendment 387 to channel all bingo net revenues either to charity or to education, which they each do, and hence, the plaintiffs do not obtain any gain, profit, benefit or advantage from the money raised by the games which they operate; and, consequently, they are not operating a business, with the result that their gross receipts may not be taxed. We disagree.
In State v. Crayton, 344 So.2d 771 (Ala.Civ.App.), cert. denied, 344 So.2d 775 (Ala.1977), it was determined that proceeds received from the operation of an individually operated bingo parlor can be taxed, under what is now § 40-23-2(2), Ala.Code (1975), as a place of amusement or entertainment. While Crayton’s operation was illegal and while the bingo games conducted by the plaintiffs are lawful, the plaintiffs and Crayton, in their respective bingo operations, conducted a business activity in that respect and engaged in the business of operating places of amusement or entertainment.
The plaintiffs sought profit or gain from the bingo games which they operated. Net profits from bingo games were their object in order that they might support the worthy causes of charity or education. Their eleemosynary endeavors were benefited and occasioned by the net profits from their bingo operations. The mere fact that their entire bingo net income was required to be donated to or used for benevolent purposes does not alter the nature of the income source. The profits were derived from the business of conducting or operating a place of amusement or entertainment. As the learned trial court so aptly stated in the final judgment in this case, “The tax imposed under § 40-23-2(2) is placed upon the privilege of operating a place of amusement or entertainment, without regard to the purpose for which the proceeds are accumulated.”
The tax in question is levied upon gross receipts. Included in the definition of “gross receipts” is “all receipts actual and accrued, by reason of any business engaged in, _” § 40-23-1(a)(8), Code 1975. Here, each of the plaintiffs had gross receipts as so defined, for they each actually received funds by reason of their bingo business.
For the foregoing reasons, we conclude and hold that each of the plaintiffs was subject to the gross receipts tax as to their bingo endeavors. Neither amendment 387 nor any statute contains a grant of an exception to any of the plaintiffs from the payment of the gross receipts tax.
Certain organizations, however, are expressly exempt from the payment of any sales taxes or taxes upon gross receipts. § 40-23-5, Code 1975. The plaintiffs seek to void the entire sales and gross receipts tax statute as being unconstitutional since the plaintiffs were not also included among *785 those organizations named in that code section as being exempt from the payment of those taxes. As was aptly indicated in the Commissioner’s brief, any unconstitutionality (which we do not decide) of that code section would have no effect upon whether these plaintiffs may obtain a tax refund. Any invalidity thereof would only mean that those particular organizations enumerated in that code section would no longer be exempt from that taxation. It would not result in these plaintiffs’ being exempt nor would the entire sales and gross receipts taxation statute be invalid on that account. In short, even if § 40-23-5 is assumed to be unconstitutional, its invalidity would not affect the outcome of this litigation.
The trial court did not err in rendering a summary judgment in favor of the Commissioner. We affirm.
The foregoing opinion was prepared by Retired Circuit Judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.