EDWARD N. SCRUGGS, Retired Circuit Judge.
The parties have two children, Stephen and J.J., who were respectively nineteen and eighteen years of age when the present litigation was tried ore tenus in September 1987. The 1972 decree which divorced the parties affirmed and adopted the agreement of the parties which provided, in now pertinent part, as follows:
“The husband agrees to provide a college education for each of said minor children (which college shall be of the child’s selection with the advice and consent of husband and wife), and husband shall pay all of said child’s expenses relating to attendance at college, including, but not limited to all tuition fees, housing expense, meal expenses and expenses for books and supplies appropriate to the college education.”
These parties have been involved in much litigation since the divorce. While several pleadings and factual issues were involved in their latest controversy, we direct our concern to only the pleadings and facts which pertain to the ultimate appellate issue: whether the trial court erred in not ordering the father to reimburse the mother for some college expenses which she had paid for each of the two sons. We have been favored with helpful briefs by able counsel for both of the parties.
Stephen entered the University of Alabama at Tuscaloosa as a freshman in September 1986 and attended the fall and winter semesters. The mother contends that she should have been repaid by the father for certain of Stephen’s college expenses. The father had already expended around $3,000 per semester.
The mother’s last amendment to her petition struck any relief concerning Stephen and sought reimbursement only for college expenses which she had paid for J.J. It did not seek payment to her for any of Stephen’s college expenses, and she never attempted thereafter to amend so as to ask for such relief. The issue as to Stephen’s college expenses was not tried by the express or implied consent of the parties since the father’s counsel objected specifically on several occasions that such was not sought by the mother in her last amendment to her petition. Accordingly, Rules 15(b) and 54(c) of the Alabama Rules of Civil Procedure do not apply. Central Bank of Alabama, N.A. v. Ambrose, 435 So.2d 1203, 1206 (Ala.1983). For that reason alone, the trial court was fully justified in denying relief to the mother concerning such expenses of Stephen.
The father testified that, when he was notified in April 1987 that J.J. would enter the University of Alabama commencing with the 1987 summer school session, he *895 notified the mother that J.J. should attend a junior college rather than Alabama. He swore that he did not agree for J.J. to go to summer school. J.J. attended the summer session at Shelton State Junior College in Tuscaloosa, but the father swore that he only learned of that fact on the morning of the ore tenus trial in September 1987. During the summer of 1987, J.J. lived in an apartment in Tuscaloosa. The father further testified that his advice or consent was never sought or given for J.J. to ever attend Shelton State. Much of the above testimony of the father was disputed by the mother’s testimony.
J.J. resided with the mother in Cullman during his senior year in high school. According to the mother, there are several junior colleges within twenty miles of her home. She testified that she had paid all of JJ.’s summer school expenses, amounting to about $2,100, and that she had paid his expenses of around $1,400 to the date of the trial upon his 1987 fall session at Shelton State, where J.J. is still enrolled.
Under the divorce settlement agreement of the parties, the father agreed to provide a college education for each of the sons, “which college shall be of the child’s selection with the advice and consent of husband and wife.” It is clear that his advice and consent thereto, either actual or implied, were essential before he would be under any duty to pay J.J.’s junior college expenses. As a parallel, the president has the power under Article II, Section 2, of the Constitution of the United States to appoint justices of the supreme court “with the advice and consent of the senate,” and we are all familiar from recent current events that, when the senate does not give its consent to a certain nomination, the president’s nominee is not appointed to that office.
The burden was upon the mother to reasonably satisfy the trial court by the evidence that the father gave his consent before she would be entitled to the relief which she sought. Barron v. Wilson, 278 Ala. 621, 179 So.2d 746 (1965). The trial court was the arbiter of the disputed facts as to that issue and, in its discretion, could have ascertained that it was not reasonably satisfied that the father gave his required consent, either actually or impliedly. There is a presumption which arose from the ore tenus trial before the circuit court that the judgment of the trial court was correct, and we are not authorized to reverse it unless the judgment on that issue was so unsupported by credible evidence as to be palpably wrong. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App. 1987). As we have indicated previously, the evidence of the father supported the judgment. The trial court was not palpably wrong as to this issue.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.