ROBERTSON, Presiding Judge.
This case concerns the proper reserves required to be maintained by a mutual aid association.
Security Savings Life Insurance Company (Security Savings), a mutual aid association, brought this suit against the Commissioner of Insurance of the Alabama Department of Insurance (department) to enjoin it from requiring reserve calculations to be made in accordance with Ala.Code 1975, §§ 27-30-16 and 27-30-17. After an ore tenus proceeding, the trial court denied the relief requested by Security Savings. Thus, this appeal.
On appeal, Security Savings argues that the trial court erred in denying the requested declaratory and injunctive relief. It contends that its reserve calculations on the *1360 policies of ordinary life insurance should be based on the standard valuation law set out in § 27-36-7, and not on §§ 27-30-16 and 27-30-17 as the department contends.
Security Savings is a mutual aid association regulated by the department pursuant to Title 27, Chapter 30. Historically, mutual aid associations were companies formed to sell small policies that provided financial assistance for funerals, births, weddings, hospitalization or sickness. However, since its incorporation, Security Savings has sold policies of ordinary life insurance, subject to a limitation on the amount of the policy based on its capital and surplus.
When an insurance company sells a policy, it must establish funded reserves in order to ensure that sufficient funds always exist to pay the benefits provided in the policies sold. As the company collects premiums presently from the public, these reserves provide the source by which funds will always be available to pay those future benefits.
In the past, Security Savings calculated its reserves pursuant to the standard valuation law, Ala.Code 1975, § 27-36-7. In 1988, the department realized that the reserve requirements for certain mutual aid associations were being calculated in accordance with standard valuation law and, therefore, issued a bulletin stating that Security Savings is a mutual aid association and is required to comply with the more stringent reserve requirements under §§ 27-30-16 and 27-30-17. In response, Security Savings filed this action in an effort to enjoin the department from requiring it to comply with the mutual aid association statutory reserve requirements.
After a hearing, the trial court issued a detailed and comprehensive order which, as noted above, denied the requested relief. We have reviewed the record and briefs and adopt the following pertinent parts of the trial court’s order:
“[Gjovernment nonenforcement of validly enacted laws cannot act to estop the government from later enforcing those laws. Merriwether v. State, 252 Ala. 590, 597, 42 So.2d 465, 470 (1949); State v. Maddox Tractor & Equip. Co., 260 Ala. 136, 141, 69 So.2d 426, 430 (1953); Department of Public Safety v. Freeman Ready-Mix Co., 292 Ala. 380, 388, 295 So.2d 242, 248 (1974), appeal dismissed, Southern Haulers, Inc. v. Dept. of Public Safety, 419 U.S. 891 [95 S.Ct. 168, 42 L.Ed.2d 135] (1974). See also, Alabama Farm Bureau Mutual Casualty Ins. Co. v. Board of Adjustment of Hanceville, 470 So.2d 1234, 1236 (Ala. Civ.App.1985). This proposition of law holds true even where individuals have relied on incorrect advice from a government agency; see, Maddox, supra, 260 Ala. at 141 [69 So.2d 426]; and even where substantial sums of money have been expended in reliance on continued nonenforeement of the law. See, Freeman Ready-Mix Co., supra, 292 Ala. at 388 [69 So.2d 426].
“Otherwise, validly enacted laws could be repealed by nonenforcement.
[[Image here]]
“Even in those cases where the courts have applied estoppel theories against governmental bodies, such as cases involving active misrepresentation by a government official, the government’s wrongful conduct must threaten to work a serious injustice, and the public interest must not be unduly damaged by the court’s application of estoppel. Ex parte Four Seasons, Ltd., 450 So.2d 110, 112 (Ala.1984).
“In the present case before this court, it is in the public interest for mutual aid associations to follow the more stringent reserve requirements so that the insurance policies sold to the public by mutual aid associations are adequately funded. Application of estoppel under the circumstances presently before this court would therefore unduly damage the public interest.”
We also note that in 1989, the Alabama legislature authorized mutual aid associations to issue any type of policy that other domestic life and disability insurance companies are authorized to sell. Ala.Code 1975, § 27-30-34. It did not, however, change the way reserves are to be calculated.
*1361 In view of the above we cannot say that the trial court erred in denying Security Savings’s request for declaratory and in-junctive relief.
This case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.