## Philip and Shirley George v. Town of Calais

[373 A.2d 553]

No. 82-76

Present: **Barney, C.J., Larrow, Billings, and Hill, JJ., and Shangraw, C.J. (Ret.), Specially Assigned**

Opinion Filed April 5, 1977

*John K. Dunleavy* of *Burgess & Normand, Ltd.*, Montpelier, for Plaintiffs.

*Stephen C. Walke, Jr.*, of *Paterson, Gibson, Noble & Brownell*, Montpelier, for Defendant.

**Barney, C.J.** The power to tax can destroy, and the power to exempt can generate unlikely characterizations. In this case it is argued that two storage silos should be regarded as machines, in order that they may be exempt from taxation under 32 V.S.A. § 3802(8). The listers did not accept this identification and taxed them. The trial court also found them taxable and the matter is now before us.

■■ Also involved is an issue concerning the dismissal of the plaintiffs' prayer that the proceeding be treated as a class action. V.R.C.P. 23 is the governing rule. As can be seen by the extent of the concerns set out in its provisions, class actions are intended to be of limited and special application, not to be casually resorted to or authorized. This is because, improperly used, they can seriously compromise many due process rights of those involved. The rule had its origins in chancery and is, in effect, an enlargement of the justifications of joinder where the parties are far more numerous.

For this reason, first among the prerequisites listed is the one requiring that the proposed class be so numerous that joinder of all members is impracticable. Other requirements are that there be common questions of law or fact, that the claims or defenses of the representatives be typical of those of the class and that those representatives will fairly and adequately protect the interests of the whole class.

The satisfaction of these prerequisites is not enough. V.R.C.P. 23(b) provides:

An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class or,

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members in the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

In the exercise of the broad discretion given under this rule, the lower court denied class action status. Given the facts of this case, this ruling is sustainable on any one of a number of

grounds. The trial court premised its ruling on three: first, that joinder was not impracticable; second, that the requisite common question of fact is lacking, and there may be separate issues of fact with respect to the element of intention, which may vary among members of the class; and third, that a class action is not superior to other available methods for fairly adjudicating this controversy.

█ The pleadings indicate a class of defendants, at best, numbering no more than twenty-three, so joinder was not outside feasible limits. Furthermore, the status of the silos as fixtures is an issue. Whether or not an item of personalty has become so affixed to land that it becomes realty is determined by an examination of the following factors: (1) the annexation of the article to the real estate; (2) its adaptation to the use of the realty to which it is annexed; and (3) whether or not the annexation was made with the intention to make it a permanent accession to the freehold. *Sherburne Corp.* v. *Town of Sherburne,* 124 Vt. 481, 484, 207 A.2d 125 (1965). Since individual intention is involved in deciding whether or not an item is a fixture, separate determinations are preferable. Moreover, since what is sought is a definitive legal rule involving the application of 32 V.S.A. § 3802(8), a decision in this individual case would have application to parties in like circumstances without the necessity of resort to V.R.C.P. 23, particularly where no need for any equitable devices such as widespread injunctive relief appears. The ruling denying class action to this litigation is supportable as a proper exercise of discretion by the lower court.

█ As to the taxation issue, the facts are also not in dispute. The plaintiffs, as farmers, purchased two Harvestore silos and had them constructed on their premises for feed storage purposes. The silos were erected on poured concrete foundations in excess of twenty feet in diameter. Brackets were bolted to these foundations and the base section of the silos in turn bolted to the brackets. More concrete was then poured into the sections to a depth of two feet, covering the brackets. The silos were then erected section by section, the top section being first assembled on the base, then jacked up. Succeeding sections were added underneath, until the desired capacity was reached. One of these silos is 80 feet high, the other 35 feet, both being 20 feet in diameter. They are constructed of steel plate with fused glass surfaces.

The purpose of the structures is to provide an air-tight storage structure to encourage a sort of fermenting process in the stored feed in an oxygen free environment, improving the nutritive value. The silos are filled by a blower from the top, the blower not being part of the structure. An electrically powered auger, built into the silo, removes the feed for purposes of utilization. There is a "breather bag" inside connected to the outside air to equalize atmospheric pressure inside and out.

The silos can be disassembled, except for the base and cement foundation. The remaining structure would be of no real independent use, and if itself removed, would leave a large hole in the ground.

Based on this evidence, the trial court went on to find that the silos were fixtures, although not within the classification of trade fixtures and therefore taxable as real estate under 32 V.S.A. § 3651. In its conclusions, the court went on to point out that, since these silos were not machinery within the contemplation of 32 V.S.A. § 3802(8), even if considered personal property, they would be equally taxable under 32 V.S.A. § 3691.

In the framework of this litigation, the critical decision is the one that determines that these silos are not "machinery" within the meaning of that term in the exemption statute, 32 V.S.A. § 3802(8). It is difficult to see how any other result could be reached without making the category of machinery so broad that it would lose all descriptive utility.

Certainly a carefully constructed private home, designed and equipped to give an equitable climate by controlling heat, cooling, ventilation, and humidity, might be argued to come within such an umbrella term. Perhaps so would a structure designed by present standards to efficiently induce high egg production from laying hens by the application of controlled temperature and light cycles. But to say that any of these structures are machinery, to be classified as such along with tractors, is to stretch legislative intent beyond recognition. The lower court's denial of exemption is consistent with a sound view of the law.

*Judgment affirmed.*