HOLMES, Judge.
This is a tax case.
The Circuit Court of Pike County granted the taxpayer’s Rule 56, ARCP, motion for summary judgment. The Revenue Department of the State of Alabama appeals, contending the trial court erred in granting summary judgment in favor of the taxpayer.
Specifically, the State contends that the provisions of § 40-23-37, Code of Alabama 1975, are not available to the taxpayer and *1024 therefore summary judgment should have been granted in favor of the State. We agree and reverse and remand.
The record reveals the following: Taxpayer is a corporation engaged in the business of manufacturing and selling treated lumber used in the construction of chicken houses. The taxpayer sold the treated lumber to third parties who built the chicken houses for other parties who were engaged in the production or raising of poultry on poultry farms.
The State and City assessed sales tax against the taxpayer at a rate of 4%. This assessment was made pursuant to § 40-23-2(1), Code of Alabama 1975, and other appropriate Code sections. The taxpayer appealed the assessment to the circuit court, contending it was entitled to the lower tax rate of 1 Vz% as provided by § 40-23-37. The circuit court agreed with the taxpayer and granted summary judgment in taxpayer’s favor. Hence this appeal.
Prior to deciding this appeal on its merits, it is necessary to address certain contentions of the taxpayer.
The taxpayer, through able counsel, argues in brief that summary judgment was proper in favor of taxpayer in that the State’s counter affidavit in opposition to summary judgment and/or its own request for summary judgment came too late.
The taxpayer filed its motion for summary judgment and supporting affidavits on May 27, 1980. The matter was set for a hearing on June 18, 1980. On June 18, 1980, the State filed its motion for summary judgment and its supporting affidavit. This affidavit was clearly also an affidavit in opposition to taxpayer’s affidavit. The taxpayer objected to the State’s action, claiming the documents came too late. The trial court overruled taxpayer’s objection.
The taxpayer states on appeal to this court that in view of the above, the lateness of the State’s affidavit, etc., there was no counter affidavit properly before the trial court. Taxpayer relies on Rules 56 and 6 of ARCP. Taxpayer further states that since no appropriate affidavit was before the trial court opposing taxpayer’s motion and affidavit, the trial court cannot be in error in granting taxpayer’s summary judgment motion.
We disagree. The trial court overruled taxpayer’s objection regarding the tardiness of the State’s affidavit and no appeal or cross appeal was taken from this action. An appellate court will not consider part of a trial court’s action adverse to appellee when no cross appeal is taken by appellee. See, State, Dept. of Indus. Relations v. Deslattes, Ala.Civ.App., 372 So.2d 867, writ denied, 372 So.2d 872 (1979); 2A Ala.Digest, Appeal & Error Key 878(1).
Furthermore, we note that federal courts, in construing the Rule 56(c) requirement of opposing affidavits being filed at least one day prior to hearing, leave to the trial court the discretion whether to accept or reject affidavits on the day of the hearing. Farina v. Mission Investment Trust, 615 F.2d 1068 (5th Cir. 1980); L. D. Woods v. Allied Concord Financial Corp., 373 F.2d 733 (5th Cir. 1967); Beaufort Concrete Co. v. Atlantic States Construction Co., 352 F.2d 460 (5th Cir. 1965), cert. denied, 384 U.S. 1004, 86 S.Ct. 1908, 16 L.Ed.2d 1018 (1966).
In this instance, the trial court’s action in overruling the taxpayer’s objection to the affidavit permitted the late filing as indicated in Rule 6, ARCP, and in the absence of facts, as shown by the record, showing an abuse of discretion we cannot find the trial court’s action to be error.
In addition to the above, the taxpayer argues that the State’s affidavit is in and of itself insufficient.
In view of the above (no cross-appeal), we do not deem it necessary to set out in detail taxpayer’s contention regarding this aspect. Suffice it to say that while the State’s affidavit is not a paragon of clarity, we consider it is sufficient for summary judgment purposes in this case. We find that the pleading allegations, affidavit, and supporting documents before the trial court make the case a proper matter to be disposed of by summary judgment. See, Holloway v. Government Employees Insurance Co., 295 Ala. 328, 329 So.2d 529 (1976).
*1025 As stated above, the dispositive issue on the merits is whether the taxpayer may avail itself of the provisions of § 40-23-37, Code of Alabama 1975.
Section 40-23-37 in pertinent part provides:
There is hereby levied, in lieu of the state sales tax levied by section 40-23-2, a privilege or license tax against the person on account of the business activities engaged in and in the amount to be determined by the application of rates against gross sales, or gross receipts, as the case may be as follows:
Upon every person, firm or corporation engaged or continuing within this state in the business of selling at retail any machine, machinery or equipment which is used in planting, cultivating and harvesting farm products, or used in connection with the production of agricultural produce or products, livestock or poultry on farms, and the parts of such machines, machinery or equipment, attachments and replacements therefor which are made or manufactured for use on or in the operation of such machine, machinery or equipment, and which are necessary to and customarily used in the operation of such machine, machinery or equipment, an amount equal to one and one-half percent of the gross proceeds of the sale thereof. ... (Emphasis supplied.)
The State contends that sales of treated lumber used to build chicken houses which are attached to real estate are not covered by the lower rate of 1V2% provided for in § 40-23-37. The State argues that such lumber is not a “machine, machinery or equipment” used in connection with the production of poultry; that such lumber constitutes building materials within the purview of § 40-23-l(a)(10), Code of Alabama 1975; and that the sale of such lumber is subject to sales tax at the general rate under § 40-23-2, Code of Alabama 1975.
The pertinent parts of the above mentioned Code sections are as follows:
Section 40-23-2 provides:
There is hereby levied ... a privilege or license tax ... in the amount to be determined by the application of rates against gross sales, or gross receipts, as the case may be, as follows:
(1) Upon every person, firm or corporation ... engaged or continuing within this state in business of selling at retail any tangible personal property whatsoever, including merchandise and commodities of every kind and character, ... an amount equal to four percent of the gross proceeds of sales of the business .... (Emphasis supplied.)
and § 40-23-l(a)(10) states:
Sales of building materials to contractors, builders or landowners for resale or use in the form of real estate are retail sales in whatever quantity sold.
The taxpayer contends the treated lumber constitutes a machine, machinery, or equipment used in connection with the production of poultry and that the correct rate is 1V2% under § 40-23-37.
The general rule of statutory construction is that absent any indication to the contrary, words in a statute will be given the meaning generally accepted in popular, everyday usage. Dark’s Dairy, Inc. v. Alabama Dairy Commission, Ala., 367 So.2d 1378 (1979); Morgan County Commission v. Powell, 292 Ala. 300, 293 So.2d 830 (1974); State v. Crayton, Ala.Civ.App., 344 So.2d 771, writ denied, 344 So.2d 775 (1977).
This court in Department of Revenue v. James A. Head & Co., Inc., 54 Ala.App. 136, 306 So.2d 5 (1974), writ denied, 293 Ala. 751, 306 So.2d 12 (1975), in construing Tit. 51, § 786(2)(j), Code of Alabama 1940, which now appears as § 40-23-1(a)(10), defined “building material” as material used in construction work and is not limited to materials used in constructing a building with sides and covering. The term was also found to include any type of material used for the improvement of one’s premises and to include anything essential to the completion of a building or structure of any kind for the use intended. See, Wood Preserving Corporation v. State Tax Commission, 235 Ala. 438, 179 So. 254 (1938).
*1026 Webster defines a “machine” as “an assemblage of parts ... that transmit forces, motion, and energy one to another in some predetermined manner and to some desired end (as for sewing a seam, printing a newspaper, or hoisting a load).” Webster’s Third New International Dictionary (1971). See, State v. Taylor, 262 Ala. 639, 80 So.2d 618 (1954).
“Machinery” has been defined as “any combination of mechanical means designed to work together so as to effect a given end.” State v. Taylor, supra.
“Equipment” has been defined by Webster as “(1) the implements (as machinery or tools) used in an operation or activity, (2) all the fixed assets other than land and buildings of a business enterprise.” Webster’s Third New International Dictionary (1971). See, Y. D. Lumber Co. v. Refuge Cotton Oil Co., 153 Miss. 302, 120 So. 447 (1929).
The courts of other states have considered the question of whether a building or a similar structure constituted “machinery” or “equipment.” In George v. Town of Calais, 135 Vt. 244, 373 A.2d 553 (1977), a silo used for the storage of animal feed was held not to be machinery, and in Y. D. Lumber Co. v. Refuge Cotton Oil Co., supra, a cotton seed house was found not to be equipment.
In the instant case the treated lumber was used in the construction of buildings, specifically, chicken houses. There was no evidence in the record to indicate that the lumber was used directly in the production of poultry as are cages or devices used to feed and water the birds. See, State v. Taylor, supra.
After reviewing the decisions of the courts of this and other states, and after assigning to the terms “building materials,” and “machines, machinery and equipment” the meanings generally accepted in popular everyday usage, we find the treated lumber to be building materials within the purview of § 40-23-l(a)(10). Therefore, the sale of such lumber by taxpayer is subject to taxation under the provisions of § 40-23-2(1).
The taxpayer also contends the State is estopped from collecting the assessed sales tax. In an affidavit filed in support of the taxpayer’s motion for summary judgment, the taxpayer’s bookkeeper stated she was advised by an employee of the State Department of Revenue that the applicable sales tax rate was 1V2%. We would note, however, that in the assessment and collection of taxes, the State is acting in its governmental capacity and it cannot be estopped with reference to the enforcement of taxes even when the taxpayer has been advised that it is not responsible for a tax. Boswell v. Abex Corporation, 294 Ala. 334, 317 So.2d 317 (1975).
The above being dispositive we find it unnecessary to address the other issues presented.
The case is due to be reversed and remanded for entry of a judgment not inconsistent with the above.
REVERSED AND REMANDED FOR ENTRY OF JUDGMENT NOT INCONSISTENT WITH THIS OPINION.
WRIGHT, P. J., and BRADLEY, J. concur.